The plaintiff in his account charged the defendant's intestate with six months' labor performed, at twelve dollars and a half per month, amounting to seventy-five dollars, and in the same account gave the defendant's intestate credit for sundry articles had by him in payment, during the time he was performing the labor, amounting to twenty-five dollars, and sued out his warrant for the balance due on said account, to wit: fifty dollars. On the trial in the Superior Court the defendant claimed some other and further credits, amounting to seven dollars, which were allowed by the plaintiff.
The defendant contended that the plaintiff had no right to (82) enter the credit of twenty-five dollars and thereby bring his claim within the jurisdiction of a single magistrate. And that as he had warranted for fifty dollars only they were now entitled to have their account of thirty-two dollars deducted from the amount sued for.
His Honor instructed the jury that the plaintiff had a right to enter a credit for articles had by him in payment for his labor, from the defendant's intestate, and to warrant for the balance due, and further, that if the plaintiff had proved to their satisfaction that he had performed the labor as charged it was for them to say what it was worth and to allow the plaintiff accordingly; that if the evidence satisfied them that the credit of twenty-five dollars entered by the plaintiff on his account was for the same articles for which he stood charged on the books of the intestate they ought not again to allow the credit; for the defendants' intestate had once had the benefit of it. The jury found a verdict in favor of the plaintiff for forty-three dollars, besides interest. The defendants moved for a new trial, which being refused and judgment pronounced, they appealed.
If the objection to the jurisdiction were valid it comes too late, after a plea in bar. But we think the matter does not constitute a good objection, if it had been taken in apt time.
The warrant is for a less sum than thirty pounds, which is demanded as a balance due for work and labor done. The book debt act, 1756 (1 Rev. Stat., ch. 15, sec. 1) requires the plaintiff to declare upon oath that he has given the defendant all just credits, and the acts creating and extending the jurisdiction of a single magistrate expressly provide the remedy by warrant, not only for demands, originally, of 30 pounds or under, but also for a balance of that amount due for goods sold and delivered, or for work and labor done. Where there are mutual accounts the Legislature intended to make the balance the true debt, for *Page 66 
(83) the purposes of this jurisdiction. If the plaintiff should not attempt to prove his demand by his own oath he may not be confined to this method of proceeding, but may sue in a court of record, and leave it to the defendant to insist on his set-off. But it is not a fraud on the jurisdiction of the courts, nor an evasion of the statutes, to allow, in the first instance, all the just counter-demands of the other party, and thereby reduce "the balance due" to a sum within the jurisdiction of the justice of the peace. The credits entered by the plaintiff in this case are not fictitious and given for the mere purpose of the summary proceeding, but are truly for payments or a just set-off; and the case is therefore within the letter and policy of the statutes which give this as a fair mode of settling, and a summary method of collecting small demands.
Both law and justice alike forbid the allowance of the sums claimed by the defendant as deductions from the balance of the plaintiff's account upon proof at the trial, since he had already the benefit of them by the admission of the plaintiff on the face of the account.
PER CURIAM. Judgment affirmed.